Defendant-Appellant, the City of Akron, has attempted to appeal from an order of the Summit County Court of Common Pleas that denied its motion for summary judgment in a negligence action brought by Plaintiff-Appellee Robert Carey. Because Appellant has attempted to appeal from an order that is not final within the meaning of R.C. 2501.02 and 2744.02(C), this appeal is dismissed.
 I.
Appellee is a bus driver employed by the Metro Regional Transit Authority. On June 7, 1995, he attempted to maneuver his bus around a site being excavated by the City of Akron Sewer Maintenance Division on West Thornton Street. In order to facilitate sewer maintenance, workers had removed a large section of the roadway in the eastbound lane. The resulting hole was marked by two barricades and four markers. Some eastbound traffic proceeded around the obstacle to the left. Appellee chose to circumvent the hole to the right by passing on the strip of roadway between the hole and the curb. After the front wheels of his bus successfully passed the pit, a portion of the roadway beneath the bus gave way. The left rear tire of the bus dropped into the resulting hole.
Appellee filed a negligence claim against the City of Akron, alleging that he had been injured by the City's failure to keep the roadway free from nuisance. On December 17, 1997, the City moved for summary judgment, arguing that it was immune from liability because Appellee's allegations did not constitute nuisance as a matter of law. In the alternative, the City argued: (1) that it had no duty to protect Appellant because of the open and obvious nature of the nuisance; (2) that any action by the City was not the proximate cause of Appellee's injuries; and (3) that Appellant's level of comparative negligence was higher than that of the City. On April 30, 1998, the trial court denied the City's motion for summary judgment. In so doing, the court found genuine issues of material fact with respect to whether the City created a nuisance at the site of the accident. The City timely appealed and has raised one assignment of error.
 II. ASSIGNMENT OF ERROR The trial court erred in denying the City of Akron's motion for summary judgment because the City of Akron is immune from liability as a matter of law and Appellee failed to produce evidence with regard to the City's failure to meet its duty.
The trial court indicated that the order denying the City's motion for summary judgment was immediately appealable pursuant to R.C. 2501.02 and 2744.02(C). R.C. 2501.02 provides Ohio courts of appeals with jurisdiction to hear appeals from orders "denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744, or another provision of the Revised Code * * *." R.C. 2744.02(C) states that an order that denies the benefit of an alleged immunity to a political subdivision is a final, appealable order.
R.C. 2744.02(A)(1) provides that "a political subdivision is not liable in damages in a civil action for injury * * * allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The regulation, maintenance, and repair of roads is a governmental function. R.C. 2744.01(C)(2)(e). A political subdivision may be liable, nonetheless, "for injury * * * caused by [its] failure to keep public roads, highways, streets, [and] avenues * * *, in repair, and free from nuisance."[1]
If the court's order denying the City's motion for summary judgment was an order denying the City the benefits of an alleged immunity contained in R.C. Chapter 2744, the order of the court was final and the appeal is properly before this court. If not, this court lacks jurisdiction to hear this appeal. See Brown v. Akron Bd. of Edn. (Aug. 12, 1998), Summit App. No. 18808, unreported, at 7 and 10.
In Brown, this court interpreted the intermediate appeal provisions of R.C. 2501.02 and 2744.02(C) in light of similar cases decided by the United States Supreme Court. We noted a distinction between the denial of sovereign immunity as a matter of law and the denial of summary judgment when there are material issues of fact with respect to whether sovereign immunity exists. Brown, supra, at 8-10. Specifically, an order that denies sovereign immunity as a matter of law is final and appealable. See id.; Young v. Akron City Schools Bd. of Edn.
(Oct. 14, 1998), Summit App. No. 18787, unreported, at 6.
Legal issues surrounding sovereign immunity are often difficult to separate from the factual issues of a plaintiff's claim. Id. at 5-6, quoting Johnson v. Jones (1995),515 U.S. 304, 314, 132 L.Ed.2d 238, 247. See, also, Young v. Akron CitySchools Bd. of Edn., supra, at 6. In this case, the trial court concluded that there were genuine issues of material fact with regard to whether the City created a nuisance on West Thornton Road. Because a political subdivision loses the benefit of sovereign immunity if it does not keep public roadways free from nuisance, the court concluded that this factual issue precluded a decision that the City was entitled to judgment asa matter of law on the issue of immunity. Consistent with our prior decisions in Brown and Young, supra, we conclude that this order did not deny the City the benefit of sovereign immunity, but preserved the legal issue until related factual issues are resolved.
Accordingly, the City has attempted to appeal from an order that was not final within the meaning of R.C. 2501.02 and 2744.02(C). This court does not have jurisdiction over the present appeal, and it is, therefore, dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 ------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., QUILLIN, J., CONCUR
[1] R.C. 2744.02(B)(3) was amended effective June 30, 1997.